151483.1

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs
Richemont North America, Inc.
and Cartier International, N.V.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
RICHEMONT NORTH AMERICA, INC.;   :
and CARTIER INTERNATIONAL, N.V.,   :      Civil Action
                                   :
                     Plaintiffs,   :      No.  07-CIV-6091
        v.                         :
                                   :
SWEEPSTAKES CLEARINGHOUSE,         :
a division of ALLIED MARKETING     :
GROUP, INC,                        :
                                   :
                     Defendant.    :
-----------------------------------------------------x

### STATEMENT OF RELATED CASE PURSUANT TO RULE 15 OF THE RULES FOR THE DIVISION OF BUSINESS AMONG DISTRICT JUDGES

In accordance with Rule 15 of the Rules for the Division of Business Among District Judges of the United States District Court for the Southern District of New York ("Rule 15") Plaintiffs hereby inform the Court of their belief that the above-captioned case is "related" to the previously filed and pending case entitled *Cartier, division of Richemont North America, Inc., et al. v. Sweepstakes Clearinghouse, division of Allied Marketing Group, Inc., et al.*, Civil Action No. 06 Civ. 4698 (SHS)(FM) (hereinafter the "First Action"). As basis for such belief, Plaintiffs state as follows:

1. The First Action involves the same parties as the above-captioned action.

2. In the First Action, Plaintiffs allege that they are the owner and licensee of a trade dress for watches denoted the Pasha de Cartier Design, and that Defendant has infringed same through the offer for sale and sale of watches denoted by Defendant through the model designations XSA and XSB. Plaintiffs seek relief in the first action pursuant to Section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a) and the common law.

3. The above-captioned action involves allegations of infringement of the very same trade dress by Defendant through the sale and offer for sale of two additional watch models, XSC and XSD. It appears that Defendant designed and began offering for sale these new models during the pendency of the First Action and continues to do so today. Similar to the First Action, relief is sought pursuant to Section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a) and the common law. Further, the trade dress at issue has since registered in the United States Patent and Trademark Office, a claim for infringement of registered trade dress is asserted pursuant to Section 32(1) of the Trademark Act, 15 U.S.C. § 1114(1).

4. In addition, in the above-captioned action, Plaintiffs allege that Defendant engaged in false advertising in its promotion of several models of watches, including the models XSA, XSB, XSC and XSD, which are alleged to infringe the trade dress in the two actions, as well as other models. Such false advertising violates Section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a) as well as N.Y. Gen. Bus. Law § 349. It should be noted that the evidence of false advertising is also relevant to a showing of willfulness as to the trade dress infringement claims in the First Action.

5.  For these reasons, Plaintiffs believe that the above-captioned action is "related" to the First Action within the meaning of Rule 15.

Respectfully submitted,

KALOW & SPRINGUT LLP

Attorneys for Plaintiffs
Cartier, division of North America, Inc. and
Cartier International, N.V.

Dated: June 28, 2007            By: _____
                                    Milton Springut (MS6571)
                                    Tal S. Benschar (TSB0838)